IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SAMUEL ROBERT QUEEN,

                    Plaintiff,

                                        CIVIL ACTION
          vs.                           No. 05-3022-SAC

UNITED STATES OF AMERICA, et al.,


                    Defendants.


ORDER

     This matter is a civil action filed by a federal prisoner. Plaintiff names as defendants two Bureau of Prisons employees, Sandra Jones and Michael Gray, and the United States of America. The court has construed this action to assert claims under Bivens[1] and the Federal Tort Claims Act.

     The matter is before the court on defendants' motion to dismiss the complaint (Doc. 29); motion to dismiss, or, in the alternative, for summary judgment (Doc. 39); and motion for order to show cause (Doc. 47); and on plaintiff's motion to strike the motion to dismiss (Doc. 31); motion for leave to amend the complaint (Doc. 44); and motion for order (Doc. 46).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**Plaintiff's motion to file an amended complaint**

On November 17, 2006, plaintiff submitted a motion for leave to file an amended complaint (Doc. 44) and attached a proposed amended complaint. Plaintiff submitted this motion after the defendants filed their motion to dismiss, or, in the alternative, for summary judgment.

Defendants filed a response (Doc. 45). Defendants do not oppose the plaintiff's request for the dismissal of the United States from this action, but they allege the plaintiff has attempted to present an amended complaint to avoid the exhaustion requirement by dismissing defendant Gray and revising the allegations in the complaint to attribute all of the alleged acts and omissions to defendant Jones.

Defendants also assert the proposed amendment should be denied as futile due to plaintiff's failure to present a cognizable constitutional claim.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Leave to amend may be denied where the proposed amendment would be futile. Bradley v. ValMejias, 379 F.3d 892, 901 (10th Cir. 2004). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the

2

amendment would not survive a motion for summary judgment."
E.SPIRE Comm., Inc. v. N.M. Pub. Regulation Comm'n, 392 F.3d
1204, 1211 (10th Cir. 2004).

The court finds the claims in the amended complaint, which
names only defendant Jones, would not survive a motion for
summary judgment. As will be discussed elsewhere in this order,
plaintiff cannot prevail on his claims of violations of due
process, access to the courts, and the ban on cruel and unusual
punishment arising from the loss of a portion of his legal
property. Accordingly, the plaintiff's motion to file an
amended complaint is futile and will be denied.

**Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g)**

Defendants seek a determination that plaintiff may not
proceed in forma pauperis due to his filing history. Section
1915(g) of the in forma pauperis statute provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding
> under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

In support, defendants cite the following cases: (1) Queen
v. U.S., Y-97-3677 (case dismissed for failure to exhaust

3

administrative procedures); (2) <u>Queen v. U.S.</u>, MJG-98-1152 (dismissed for failure to state a claim after court determined no colorable claim presented); (3) <u>Queen v. U.S., et al.</u>, 98-2793 (4th Cir.) (appeal voluntarily dismissed by plaintiff); (4) <u>Queen v. Battaglia, et al.</u>, 1998-cv-3568-MJG, (dismissed on defendants' dispositive motion); (5) same action, No. 00-6708, appeal dismissed as frivolous,); (6) <u>Queen v. Sheehy, et al.</u>, 1999-cv-02621 (action construed as a motion pursuant to 28 U.S.C. § 2255 and dismissed as successive); (7) <u>Queen v. Warden</u>, MJG-02-1549 (dismissed without prejudice for failure to exhaust remedies); (8) <u>Queen v. Gallegos</u>, 04-3465 (habeas corpus action construed as civil rights complaint and dismissed without prejudice for failure to exhaust administrative remedies); and (9) same action, 05-3016 (10th Cir.), (appeal dismissed following plaintiff's failure to submit fee or ifp motion, notice of appearance form, or brief).

Defendants ask the court to accept as strikes the cases identified as (1) [dismissed for failure to exhaust], (2) [dismissed for failure to state a claim], (5) [appeal dismissed as frivolous], (8)[dismissed for failure to exhaust], and (9)[dismissed for failure to exhaust].

The question which must be resolved here is whether a dismissal without prejudice may be counted as a strike for

4

purposes of § 1915(g).

In a recent unpublished decision, the Tenth Circuit Court of Appeals held that a dismissal based upon a failure to exhaust administrative remedies constituted a strike under § 1915(g), stating:

> Because the dismissal of the complaint was based on a failure to exhaust administrative remedies, it accrues as [the prisoner's] third strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  See Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."; Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003)("A dismissal based on lack of exhaustion ... should ordinarily be without prejudice. Nevertheless, the dismissal may constitute a strike for purposes of 28 U.S.C. § 1915(g).") Smith v. Cowman, 2006 WL 3616720, *2 (10th Cir. Dec. 13, 2006).

However, in a subsequent order entered on March 1, 2007, the Court of Appeals granted a petition for rehearing and vacated that order, citing the decision of the United States Supreme Court in Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910 (2007), which established that the "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Smith v. Cowman, (10th Cir. Mar. 1, 2007)[2](quoting

---

[2]A copy of that unpublished order is attached.

<u>Jones v. Bock</u>, 127 S.Ct. at 921).  Although the Court of Appeals has not specifically addressed the impact of the <u>Jones</u> decision on its holding that a dismissal based upon lack of exhaustion may count as a strike, it is plain that the <u>Steele</u> decision cited was abrogated by <u>Jones</u>.  See <u>Aquilar-Avellaveda v. Terrell</u>, ___ F.3d ___, 2007 WL 646150, *2 (10th Cir. Mar. 5, 2007)(noting "our pleading requirement from <u>Steele</u> is no longer good law" and suggesting that a district court ordinarily should give a prisoner the opportunity to address a failure to exhaust administrative remedies).

The court is persuaded, in the absence of any other authority in the case law of this Circuit, that a dismissal without prejudice due to a failure to exhaust administrative remedies ordinarily should not be counted as a strike under §1915(g), as such a dismissal is based upon a procedural defect which, in many cases, may be cured by the plaintiff.  The court views such a dismissal as considerably different than the dismissals based upon the merits cited in § 1915(g), namely, those based upon a finding that an action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See <u>Tafari v. Hues</u>, 473 F.3d 440 (2d Cir. 2007)(holding that dismissal of appeal on prematurity grounds should not be counted as a strike; appeal was not "irremediably

defective" and dismissal did not determine that appeal ultimately could not succeed).

Accordingly, the court determines that plaintiff has accrued two strikes: (1) <u>Queen v. U.S.</u>, MJG-98-1152, (finding no colorable claim of negligence was presented and dismissing for failure to state a claim for relief) and (2) <u>Queen v. Battaglia, et al.</u>, 00-6708 (dismissing appeal as frivolous). Therefore, the court will grant plaintiff leave to proceed in forma pauperis, and the filing fee will be collected in installments pursuant to 28 U.S.C. § 1915(b)(2). The plaintiff's motion to strike defendants' motion will be dismissed as moot.

**Defendants' motion to dismiss or for summary judgment**

Defendants filed a motion to dismiss or, in the alternative, for summary judgment (Doc. 39) on September 25, 2006. By an order entered on October 24, 2006 (Doc. 43), the court granted plaintiff to and including December 8, 2006, to file a response and notified him that no additional extension would be granted. Plaintiff filed no response.

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

A factual dispute is "genuine" only if the evidence and the inferences drawn therefrom, when viewed in the light most favorable to the nonmoving party, are "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In opposing a motion for summary judgment, a party may not rest upon mere allegations or denials contained in the pleadings.  Rather, the nonmoving party must go beyond the pleadings and demonstrate that a genuine issue of material fact exists that must be resolved by the trier of fact. Salehpoor v. Shahinpoor, 358 F.3d 782, 786 (10th Cir. 2004)(quotation omitted).

Pursuant to the rules of this court, a response to a motion for summary judgment shall be filed and served within 23 days. D. Kan. R. 6.1(d)(2).  When a party fails to file a response within the time allotted, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  D. Kan. R. 7.4.

The factual basis of plaintiff's claims in this action arose following his transfer from general population to segregated housing at the United States Penitentiary, Leavenworth

(USPL), in May 2004.  This transfer resulted from an assault on plaintiff.

Incident to the transfer, defendant Sandra Jones, a Senior Correctional Officer, packed plaintiff's property in four duffle bags to be taken to the special housing unit.  Defendant Jones's statement reflects that she recalls plaintiff having "books and other items...and stacks of legal-type papers", that she removed pornography as contraband, and discarded "old food items from the dining room."  (Doc. 40, Attach. B., pars. 5-6.)  She prepared a Form BP 58 showing that a ten-inch stack of legal material was removed for storage with other property.

Defendant Jones prepared four property forms, one for each duffle bag, describing the contents of each.  On May 7, 2004, plaintiff reviewed these materials with an officer in the segregation unit and signed a claim release on each form.

Plaintiff states that when he was taken to the proper storage area and allowed to examine the property, he discovered that a portion of his legal property was missing.  He sought relief through the administrative remedy procedure and under the Federal Tort Claims Act.  It is undisputed that plaintiff completed the administrative remedy procedure concerning his

claim against defendant Jones.[3]

Plaintiff's claim against defendant Jones is that the loss of his legal materials caused a lack of access to the courts, resulting in the dismissal of a civil rights case for failure to prosecute[4], the dismissal of an appeal and the loss of "motions filed for post conviction that took ... 5 to 6 years to research and form into motion."[5]

The right of access to the courts is recognized as a fundamental constitutional right.  <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).  To establish a violation of this right, a plaintiff must demonstrate an actual injury by showing that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim."  <u>Lewis v. Casey</u>, 518 U.S. 343, 356 (1996).

Defendants point out that plaintiff has failed to offer any specific facts concerning how the missing material is relevant to a nonfrivolous claim.  They argue that the only case identified by the plaintiff was dismissed in July 2003, months before the legal materials were lost, and that the district court in

---

[3]Doc. 40, Ex. 1, Declaration of Mary Benning, par. 12.

[4]Doc. 1, p. 10.

[5]Doc. 7, p. 3.

that matter had determined that any appeal taken would be deemed frivolous.

Having considered the record, the court agrees the plaintiff has failed to establish that he suffered any actual injury attributable to the loss of the legal materials in question.

Next, to the extent the plaintiff seeks relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), the court agrees that the loss of plaintiff's legal property at the prison falls within the exception to the FTCA's waiver of sovereign immunity for "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any ... law enforcement officer."  28 U.S.C. § 2680(c).  See Hatten v. White, 275 F.3d 1208, 1210 (10 Cir. 2002)(holding that "the district court did not err in finding that § 2680(c) applies where a prisoner alleges that defendant prison officials detained his personal property and mailed it outside the prison"); Rigsby v. U.S., 91 Fed. Appx. 103 (10th Cir. 2004)(affirming, under § 2680(c), dismissal of claim that federal prison employees caused loss of prisoner's personal property when they packed and inventoried it).[6]

Finally, to the extent plaintiff seeks relief for an

---

[6]A copy of this unpublished order is attached.

11

alleged violation of due process and for cruel and unusual punishment arising from the deprivation of property, the court finds no claim is stated.

First, it is settled that the negligent deprivation of a prisoner's property does not implicate due process, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986), and any suggestion that defendant Jones was negligent in the handling of plaintiff's property therefore states no claim for relief.

Likewise, even if plaintiff suggests defendant Jones intentionally caused the deprivation of his legal property, plaintiff has no actionable claim if he has an adequate post-deprivation remedy. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 531-33 (1984). Because plaintiff has access to an administrative remedy and a property claim procedure, no constitutional claim is available. <u>See</u> <u>Wilson v. U.S.</u>, 29 Fed. Appx. 495, 2002 WL 12260 (D. Kan. Jan. 4, 2002)(where prison provided administrative remedy prisoner had no civil rights claim for loss of books).[7]

Likewise, plaintiff's allegations of missing property fail to state a claim under the Eighth Amendment, which requires a denial of the "minimal civilized measure of life's necessities"

---

[7]A copy of this unpublished order is attached.

and substantial harm, see Rhodes v. Chapman, 452 U.S. 337, 347 (1981), as well as a showing that the defendant official acted with a sufficiently culpable state of mind, such as a deliberate indifference to the prisoner's welfare.  Mitchell v. Maynard, 80 F.3d 1433, 1441-42 (10th Cir. 1996).  Plaintiff's claim of lost legal papers is insufficient to establish a deprivation of life's minimum necessities.

**Claims against defendant Gray**

Plaintiff's claims against defendant Gray allege that his constitutional rights were violated by the destruction of legal papers, the denial of administrative remedy forms, and the destruction of administrative remedy forms.  He also claims defendant Gray threatened to withhold his transfer and adjust his custody classification in retaliation for his use of the grievance procedure.

First, the court rejects plaintiff's claims alleging his rights were violated by the alleged loss of his legal materials. As set out in the discussion of plaintiff's claims against defendant Jones, plaintiff has failed to identify any actual injury caused by the loss, he cannot prevail under a theory of either intentional or negligent action, there is no basis for a claim of cruel and unusual treatment, and he cannot prevail under the Federal Tort Claims Act.

Next, to the extent plaintiff asserts claims of interfer-ence with the administrative remedy procedure and retaliatory conduct, the court finds defendants' assertion that plaintiff has failed to exhaust remedies is well-taken.

The Prison Litigation Reform Act (PLRA) established an exhaustion requirement applicable to civil actions challenging prison conditions.   The requirement, codified at 42 U.S.C. §1997e(a), provides: "[n]o action shall be brought with respect to prison conditions...until such administrative remedies as are available are exhausted."   To satisfy this requirement, a prisoner must complete the administrative process in compliance with regulations.   Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).   It is recognized, however, that a prisoner must "exhaust those procedures that he ... is reasonably capable of exhausting", Hoover v. West, 93 Fed. Appx. 177, 181 (10th Cir. 2004)[8], and that the failure of prison officials to provide remedy forms or respond to grievances may render the remedy procedure "unavailable."   Id.

As noted, the failure to exhaust remedies is an affirmative defense.   Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. at 921. In their motion for summary judgment, the defendants provide a

---

[8]A copy of this unpublished order is attached.

14

thorough description of plaintiff's use of the administrative remedy procedure available to federal prisoners.  See 28 C.F.R., Part 542 (outlining four-tiered administrative remedy procedure).  The record compiled by defendants suggests plaintiff did not properly exhaust available remedies concerning claims of access to the grievance procedure and retaliatory conduct, and the plaintiff has filed no response.  Because the uncontested record shows the plaintiff did not properly exhaust these claims, the court concludes they must be dismissed without prejudice.  The defendants' motion to dismiss or for summary judgment will be granted.

**Plaintiff's request for order regarding collection of payments**

This matter was filed on January 19, 2005.  The matter was dismissed without prejudice on March 29, 2005, but the court granted plaintiff's motions for reconsideration and relief from judgment on March 29, 2006.  The court's order entered on that date directed collection action until the filing fee of $250.00 was paid.  However, on October 10, 2006 (Doc. 41), the court issued an order granting plaintiff's motion to correct the amount of the fee imposed to $150.00, to reflect the statutory filing fee at the time this action was initially filed in January 2005.  The court's financial record system has been corrected, and the court will direct the clerk of the court to

transmit to the copies of that record to the plaintiff and to the financial office of the institution where he is incarcerated.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion to dismiss this matter pursuant to 28 U.S.C. § 1915(g) (Doc. 29) is denied.

IT IS FURTHER ORDERED plaintiff's motion to strike the motion to dismiss (Doc. 31) is denied as moot.

IT IS FURTHER ORDERED defendants' motion to dismiss, or, in the alternative, for summary judgment (Doc. 39) is granted.

IT IS FURTHER ORDERED plaintiff's motion for leave to amend the complaint (Doc. 44) is denied.

IT IS FURTHER ORDERED plaintiff's motion for order to prison officials (Doc. 46) correcting his financial obligation to show a fee of $150.00 is granted as set forth herein.  The clerk of the court shall transmit a copy of the court's financial ledger in this action to the Finance Office of the facility where plaintiff is incarcerated.

IT IS FURTHER ORDERED defendants' motion for order to show cause (Doc. 47) is denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of March, 2007.

16

```
S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge
```